UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

GURPREET WALIA SINGH,

        Petitioner,                      Case No. 1:26-cv-117

v.                                                 Hon. Hala Y. Jarbou

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.12.) In an order entered on January 15, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by

Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on January 21, 2026, (ECF No. 4), and Petitioner filed his reply on January 26, 2026, (ECF No. 5).

## II.    Factual Background

Petitioner is a native and citizen of India. (Pet., ECF No. 1, PageID.4; Notice to Appear (NTA), ECF No. 4-1, PageID.29.) Petitioner entered the United States on January 2, 2024, at Lukeville, Arizona. (NTA, ECF No. 4-1, PageID.29.) A Customs and Border Protection agent encountered and arrested Petitioner after he entered. (I-213 Narrative, ECF No. 4-2, PageID.34.) At that time, the Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) because Petitioner was an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 4-1, PageID.46.)

DHS released Petitioner.[1] ICE arrested Petitioner the second time on May 20, 2025, outside of his home in Hamilton, Ohio. (Pet., ECF No. 1, PageID.4.) Petitioner has been detained since his arrest.[2] Petitioner requested a custody redetermination. On June 3, 2025, Immigration Judge

---

[1] In the NTA, the CBP agent noted that Petitioner had not been paroled. (NTA, ECF No. 4-1.) In the petition, Petitioner does not describe the nature of the release nor does he attach any documentation regarding the release. (Pet., ECF No. 1.) In Respondents' response, they do not describe the nature of Petitioner's release. (Resp., ECF No. 4.) That information is often included in the Form I-213 Narrative, but the page containing that information has been omitted. (I-213 Narrative, ECF No. 4-2.) In Petitioner's reply, his counsel represents, for the first time, that "Petitioner was paroled from CBP custody . . . pursuant to the 'parole statute,' 8 U.S.C. § 1182(d)(5)(A)." (Pet'r's Reply, ECF No. 5, PageID.53.) Although Petitioner reports that Respondents did not properly revoke his parole, he does not indicate the duration of his initial parole, nor does he claim that the parole remained unexpired at the time he was detained a second time during May of 2025.

[2] The parties do not indicate where Petitioner was originally detained. It could not have been at the ICE North Lake Processing Center, because that facility was not open at that time. *See, e.g.*, https://www.michiganpublic.org/criminal-justice-legal-system/2025-07-15/northern-michigans-new-ice-detention-center-is-open-how-many-people-are-in-there (last visited Feb. 24, 2026).

Jennifer Riedthaler-Williams denied bond, finding that Petitioner was "a flight risk." (Order, ECF No. 4-3, PageID.36.)

On September 19, 2025, Immigration Judge Riedthaler-Williams denied Petitioner's requests for asylum and withholding of removal and ordered Petitioner removed to India. (Order, ECF No. 4-4.) Petitioner has appealed that decision to the Board of Immigration Appeals (BIA). (Filing Receipt, ECF No. 4-5.) Petitioner's appeal to the BIA remains pending.

### III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV. Statutory Basis for Petitioner's Detention

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231.[3] (Resp., ECF No. 4, PageID.23–25.) Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id*. § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal

---

[3] The petition suggests that Respondents purport to hold Petitioner in detention pursuant to 8 U.S.C. § 1225. Neither the factual allegations of the parties nor the documents provided support that suggestion.

3

order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." Id. § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien unless a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision."). Because Petitioner's appeal to the BIA remains pending, § 1231 does not apply, and § 1226(a) governs Petitioner's detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins.").

Petitioner's order of removal is not "administratively final" for purposes of the INA. *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A). Accordingly, Petitioner's detention is governed by 8 U.S.C. § 1226. Under § 1226(a), Petitioner may be released from detention on bond or conditional parole. This Court has determined that a noncitizen detained under § 1226(a) is entitled to a custody redetermination as set forth in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).

Petitioner has received the custody redetermination hearing contemplated by the statute. Relief was denied. Petitioner does not identify any aspect of that hearing that might warrant habeas relief. Accordingly, the Court concludes that Petitioner has failed to show that his present detention violates the INA.

### A. Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause: "[t]he government's detention of Petitioner without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process." (Pet., ECF No. 1, PageID.12.) But Petitioner received a bond redetermination hearing. Respondents contend, therefore, that Petitioner has received all process that is due. The Court agrees..

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.)

Dated: February 25, 2026         /s/ Hala Y. Jarbou
                                 HALA Y. JARBOU
                                 CHIEF UNITED STATES DISTRICT JUDGE

5